## MARINACCIO v. FLINN-O'ROURKE CO., Inc.

(Supreme Court, Appellate Division, Third Department.   May 3, 1916.)

MASTER AND SERVANT ☞417(7)—WORKMEN'S COMPENSATION ACTS—PROCEED-
INGS—APPEAL.

On a hearing before the State Industrial Commission of a claim for
compensation to an employé, where there was evidence that the claimant
told one of the employer's physicians of the accident on the day following,
and that 19 days after the accident one of the employer's physicians made
a full report as to the injury, and in the meantime the injury received
proper treatment, a finding of the commission that the employer was not
prejudiced by the failure of the claimant to give statutory written notice
within 10 days after disability, such notice having been given 2 months
and 15 days after the accident, is binding on appeal to the Supreme Court.

[Ed. Note.—For other cases, see Master and Servant, Dec. Dig.
☞417(7).]

Appeal from State Industrial Commission.

Proceedings under the Workmen's Compensation Law by Antonio
Marinaccio to obtain compensation for personal injuries, opposed by
the Flinn-O'Rourke Company, employer and self-insurer.   Compensa-
tion was awarded by the State Industrial Commission, and the em-
ployer appeals.   Affirmed.

Argued before KELLOGG, P. J., and LYON, HOWARD, WOOD-
WARD, and COCHRANE, JJ.

Grout & McKinney, of New York City (Paul Grout and F. Sidney
Williams, both of New York City, of counsel), for appellant.

Robert W. Bonynge, of New York City, and Egburt E. Woodbury,
Atty. Gen., for State Industrial Commission.

LYON, J.   The material question involved upon this appeal is
whether the State Industrial Commission was justified in finding that
the employer was not prejudiced by the failure of the claimant to give
written notice of the accident within 10 days after disability, and in
excusing such failure to give notice.

The claimant was injured April 1, 1915, while in the employ of the
Flinn-O'Rourke Company, which was engaged in performing a con-
tract in constructing a portion of the new subway in the borough of
Manhattan, New York City.   No written notice of the accident was
given the employer until June 16, 1915, or for a period of 2 months
and 15 days after the happening of the accident.   Notice was sent by
the claimant to the commission 6 days later.   The injury was to the
claimant's right eye.   He claims that he was struck by a chip which
flew from paving blocks being unloaded from a wagon, but one of the
employer's witnesses testified that about April 20th the claimant told
him that he had caught cold in his eye and was suffering from that.
However, the distinct weight of evidence was that the injury to the
eye was caused by a small piece of stone, that the injury was accidental,
and that it arose out of and in the course of claimant's employment as
found by the commission.   The commission excused the failure of the
claimant to give written notice to the employer of the injury within 10

days from the date of disability upon the grounds that the claimant was ignorant of that requirement of the statute, and that the employer had not been prejudiced by such failure. It is this finding alone which the employer challenges and to which he devotes his brief.

The claimant was an Italian and a foreman of laborers, or perhaps more properly a superintendent of laborers. Changes in the personnel of the laborers were frequent. They came and went at will. There was evidence upon the part of the employer that none of the persons working for it at the time claimant says he was injured could be located by the employer at the time the notice of injury was given June 16th. It appears, however, from the testimony of Dr. Cotter, who was one of the physicians permanently engaged by the employer to attend to persons injured upon the job, that on the 20th day of April he saw the claimant, was told by him that he had suffered an injury to his eye from the stone clipping, and examined his eye; that he found it very badly inflamed, and, regarding the condition as serious, sent him to the New York Eye and Ear Hospital for treatment; and that he sent a report of all this to the employer that day, April 20th. This report states the man's name and station, section of subway, work, check number, address, nature of injury, foreign body in right eye, and disposition. This notice was certainly sufficient to apprise the employer that claimant might have sustained a serious injury which called for investigation. Thus concededly the employer had full knowledge of all the facts within 10 days after the expiration of the 10 days within which the claimant was by law required to give written notice of injury to the employer, and opportunity to make full investigation as to all the circumstances attending the accident. It is probable that the employer could then have obtained statements from some or perhaps all the laborers working there April 1st.

It seems, however, that the employer made no effort to find witnesses, except possibly that one of the doctors asked two of the laborers if they saw the accident. Upon the hearing before the commission two of the three laborers who were working unloading stone from the wagon at the time the claimant was injured testified to claimant having received the injury in the manner claimed by him. The third laborer was said to be in Italy. The claimant testified that he gave prompt notice of his injury on the day following the accident, by telling one of the employer's physicians, who attended any injured man, the claimant showing him his eye, and that this physician saw the claimant right along, as the claimant continued at his work day after day on the job. The claimant went to his own physician immediately after the accident and was treated by him. The employer cannot, therefore, complain that the claimant's condition is attributable to his neglect to cause his eye to be promptly treated. The question whether the employer was prejudiced by the failure of the claimant to give written notice of injury was fairly one of fact. The commission was fully justified in its conclusions. Its decision is binding upon us. The injury was serious, and has resulted in permanent partial disability of the eye.

The award of the commission should be affirmed. All concur.